## VROMAN vs. DEWEY.

*Writ of restitution — Must be sued out at the circuit.*

Where, after judgment at the circuit for plaintiff in ejectment, he was put in possession by the officer before an appeal was perfected, and afterward the judgment was reversed and a new trial awarded, defendant cannot have a writ of restitution from this court, but must have the cause remitted, and proceed at the circuit.

APPEAL from the Circuit Court for *Dodge* County.

COLE, J. This is an application for a writ of restitution to be issued by this court in the above cause, directed to the sheriff

of Waukesha county, directing him to place the appellant in the possession of certain real estate described in the motion papers. It appears that an action of ejectment was brought by the respondent to recover possession of said premises, in which he recovered judgment. Before the appeal was perfected, the respondent issued execution upon the judgment, and was placed in possession of the property. The judgment was reversed on appeal, and a new trial ordered. Neither party, however, has paid the clerk's fees in this court, and had the cause remitted to the court below. And as the record still remains here, the appellant has applied for a writ of restitution to be issued from this court.

We think the proper practice for the appellant to pursue is to pay the costs in this court, have the cause remitted, and apply to the court below for his writ of restitution. It would be very inconvenient for this court to attempt to execute its judgments, and it does not do so. It uniformly sends the case back to the court from which the appeal is taken, to proceed in the cause according to its order. In this case a new trial was ordered; and it is said, that, as the respondent is in possession of the premises, he has no interest nor any motive to have another trial. Grant that this may be so, but surely the appellant is not remediless. He can pay the clerk's fees in this court, have the cause remitted, and apply to the circuit court to have possession restored to him. There is certainly no hardship in this rule, since the appellant is liable for those costs in any event. The law affords him a remedy to reimburse himself by collecting them out of the opposite party on execution, if he is able to do so. It is, therefore, no hardship for him to pay the clerk's fees, if he wants the cause remitted for any purpose.

The motion for a writ of restitution is denied.